Burdeau, Tutor, vs. Davey, Syndic, et als.

No. 10,808.

CHARLES K. BURDEAU, TUTOR, vs. J. C. DAVEY, SYNDIC, ET ALS.

1. A tutor can not legally appropriate to his own use the property of minor children placed in his charge by the court, nor can creditors recover property of minors and have it brought into an insolvency because the tutor has transacted with reference to the property as if his own.

It had not been converted; there was no question of identification; it is therefore the property of the minors.

2. An order can be made that minors' funds be deposited and their interest protected until the question of responsibility and fidelity to a trust is considered and decided and such decrees are made as their interest demands.

3. Defendants having severed in their defences and having joined issue and denied plaintiff's right, the title to the property having been established contradictorily with them, are ordered to pay the costs.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Geo. L. Bright* for Plaintiff and Defendant cited: C. P. 157, 551, 152; 9 An. 310.

*Gurley & Mellen, Howe & Prentiss,* and *Bernard McCloskey* for Defendants and Appellants:

1. Payment to the tutor of a debt due the minor discharges the debtor.

2. Where a trustee invests in his own name trust funds, the *cestui que* trust can not elect to claim the property in which the funds have been invested, instead of holding the trustee personally liable, where third innocent persons would be injured by such election. Case, Receiver, vs. Beauregard et als., 1 Woods, p. 25.

3. Where a tutor invests in his own name funds of a minor, the minor can not exercise the right of election, even when the rights of third innocent persons would not be affected thereby. His right of election would not arise in any case until his majority. His only claim during minority is against his tutor as his debtor for the amount of funds misappropriated. Calmes vs. Carruth, 12 Rob., pp. 660, *et seq.*

4. Where the tutor makes a surrender, the property standing in his name, though it may have been acquired with the funds of the minor, "passes to his creditors by his surrender," and the minors are only his creditors. Calmes vs. Carruth, *supra.*

The opinion of the court was delivered by

BREAUX, J. This suit is brought by plaintiff as tutor to have his children declared the owners of 2-55 interest in the firm of Joseph A. Aiken & Co., and of interest in a certain contract made by Joseph A. Aiken with the city of New Orleans, whereby he origi-

nally acquired the revenues of the wharves and landings within its limits.

This contract was transferred by Joseph A. Aiken to the firm of Joseph A. Aiken & Co.

The first contract with the city, transferred as just stated, bears date May 30, 1881. It was modified December 7, 1881, and was extended five years from 20th May, 1886.

Joseph A. Aiken was the grandfather of these minors.

At his death their mother as an heir acquired an interest in the firm and in the contract. On the 3d day of March, 1882, she appointed her husband, C. K. Burdeau, her agent. In the power of attorney it is set forth, with some particularity, that she is the owner of the interest before mentioned in the firm of Joseph A. Aiken & Co.

The act appointing the husband agent is signed by the other members of the firm.

The mother of these minors died on the 16th day of September, 1882.

In the inventory of her succession this property is described, appraised, and the right is carried as belonging to the minors.

They were placed in possession as heirs by an order of court.

The plaintiff was appointed tutor of his minor children.

Two acts of partnership were entered into. There is no question about the interest of the minors in the first.

In 1885 the term of the lease was extended five years from May, 1886, and the right was secured by Joseph A. Aiken & Co. to collect wharfage dues during the existence of the extended lease.

From this time the business was managed by the second partnership.

In the act of extension as well as in that of partnership, after the extension, the plaintiff is a party personally and not as tutor.

The new firm was composed of the same members as the old, with the exception of the difference in name just mentioned and with the addition of a new member, George H. Kirke.

The property and rights of the new firm were the same as those of the old firm. The plaintiff personally did not contribute other or new capital, nor did any of the other members of the firm. The cash belonging to the old firm was used in the new firm. The old books were closed and a new set opened.

In the change it became necessary, in support of the entries, for the tutor to give receipts for certain moneys and amounts representing property of his children in the old firm.   Afterward he personally received and receipted for the dividends.

On the 22d day of April, 1889, Burdeau made a surrender of his property to his creditors, and recites in his schedule that 2-55 interest in his name, in the firm of Jos. A. Aiken & Co., wharf lessees, belongs to his minor children.

He also charges himself with certain amounts he collected for his children and which were expended without any order of court.

Part of this amount is alleged to have been expended for the minors and a part appropriated to his own use.   After the schedule had been filed, containing the declaration that his minor children inherited this interest in the firm of Jos. A. Aiken & Co., from the succession of their mother, he transferred it to a creditor by written order.

The account of the syndic filed in due time shows no assets to pay ordinary creditors.

Two firms, creditors, oppose the account and charge that the syndic failed to take needful steps to recover the interest of the insolvent in the firm of Aiken & Co.   The syndic's account was approved by the court, the oppositions of these creditors were dismissed and their rights were reserved to institute such proceedings as needful to bring into the insolvency any assets belonging to the insolvent.

At their instance the syndic brought suit in accordance with suggestion in the reservation of this judgment of dismissal and notified the firm of Aiken & Co. to retain the interest before stated, the revenues and profits, as the property of said Burdeau.

The firm has complied with the notice, and thereupon plaintiff brought suit against the said firm, the syndic and the creditors for this interest, and in addition sues the latter for damages in the sum of *fifteen hundred* dollars for prosecuting the insolvent with a view of forcing him to settle their claims to the detriment of the minors, in having charged him with fraud and other causes founded in alleged malice and wantonness.

The defendants have joined issue with the plaintiff.

The statement of facts declares that the issues are with reference to the ownership of the 2-55 interest in the said firm and the

revenues, whether in the children or in their father.    If the children's, the question of damages claimed arises.

The District Court decided that the interest belongs to the minors and orders J. A. Aiken & Co. to invest that interest in bonds of the State of Louisiana or real estate in the parish of Orleans.

That the dividends held in trust by Albert Baldwin belong to the minors, and orders that he be accordingly notified.

The minors' demand for damages against the two firms, creditors, viz: Marx Levy & Bro. and E. Conery & Son, is dismissed and the syndic is condemned to pay all costs.

From this judgment all the parties have appealed.

The defendants seek to establish an absolute similarity between this case and that of Calmes vs. Carruth, 12 Rob. pp. 660, et seq.

In the latter case the title to a slave was declared to be in the father, " although he appropriated perhaps the funds belonging to the children to purchase her."

In the case at bar the title of the minors was not divested and did not pass to the creditors of Burdeau by his surrender. There was no purchase on his part.

He could " not either personally or by means of a third person, purchase, lease or hire the property of the minor, or accept the assignment of any right or claim against his ward." C. C. 337. The right of the minors remains. The substitution of the personal name of the tutor could not have the effect of divesting their ownership.

The record of the court establishes their ownership; the subsequent acts of the tutor could not have the effect of annulling the right this record shows.

In the case of Receiver vs. Beauregard and others, 1 Woods, p. 125, quoted by defendant's counsel, it is said:

" Where trust property is converted, and the proceeds can be identified, it may undoubtedly be followed by the *cestui que* trust, and brought back to be appropriated to its original purposes.  Money of a bank, embezzled or misappropriated by its officers, may undoubtedly be followed up in the same way if the money itself or its proceeds can be identified, and no innocent person is injured by the recovery.  But supposing the money now in question could be thus appropriated, the impossibility of identifying it and of doing justice to third parties renders the application of the principle impracticable."  The able and ingenious counsel for the defendants will argue

Burdeau, Tutor, vs. Davey, Syndic, et als.

from the premises that the property has been converted and that the minors have received through their tutor all that is due to them, and therefore have no interest in Jos. A. Aiken & Co.

There was an attempt made by the tutor to divest the children of their ownership, but the property remains; it has not been converted, and is susceptible of absolute identification. It is a part of that firm; the illegal declaration at one time of the tutor to the contrary has not effected any change. If there had been an absolute sale made, or the funds of the minors had been realized and afterward had been so applied as to escape identification, the decision would apply, but in the present case no such condition arises.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Our brother of the District Court, actuated by a commendable desire to protect the interest of the minors, ordered certain investments to be made and funds to be retained.

The decree in this respect will be amended by directing that their funds be deposited in bank and that their other property remain in the possesion of said firm until in a court of competent jurisdiction, at the instance of the under tutor, who is directed to take legal proceedings, decrees and orders shall have been made as the interest of minors require.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

With reference to damages:

The plaintiff's allegation of malice against him could not give a right of action *against* the minors.

The courts are open to all creditors. In this case, owing to the changes attempted by the plaintiff in his interest, there was a probable cause—particularly as it is shown that the creditors sued acted under the advice of counsel, who conscientiously thought that the interest of the minors had passed from them to their tutor.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

In the matter of costs complained of:

The right of plaintiff was denied, not only by the syndic, who might have been joined by the other defendants to have the property brought in the insolvency, but by each defendant separately in his own behalf.

It is adjudged and decreed that the judgment appealed from be amended, and it is therefore ordered that the funds be deposited in bank and that the other property of the minors remain in the pos-

session of the firm of Geo. A. Aiken & Co. until orders and decrees are made by a competent court for the protection of the interest of the said minors, and that defendants pay costs of both courts.

As amended judgment affirmed.