## No. 11,775.

MRS. WIDOW CATHERINE KOEHL VS. MRS. GORGIANA BRYANT SOLARI, INDIVIDUALLY AND AS TUTRIX—ON RULE AGAINST FRITZ JAHNCKE.

In case a judicial sale of real property is made to effect a partition by licitation, between co-heirs, some of whom are minors, a title free of incumbrance will pass to a purchaser upon his paying the whole of the purchase price into the registry of the court, there to remain, under the control of the court, until the share of the proceeds coming to the minors shall have been legally re-invested, and the tutrix shall have furnished satisfactory security, in lieu of the legal mortgage of the minors, on her interest in the property sold.

A PPEAL from the Civil District Court for the Parish of Orleans.
    *Rightor. J.*

*George F. Lapeyre* for Plaintiff, Appellee:

No one can be compelled to hold property in common.   C. C., Arts.
    1289, 1290, 1308.

Although, owing to the peculiar solicitude of the Louisiana Code for
    the rights of minors, it may be open to argument whether the
    partition sale of real estate held in common by a tutor and his
    ward of itself disencumbers the tutor's share of the general
    mortgage extant upon it in favor of the minor, and refers the
    minor's security to the proceeds going to the tutor, there is un-
    disputed authority to the effect that the mortgage is extinguished
    and the minor's interest amply safeguarded by the tutor giving
    a special mortgage upon real estate bought upon the advice of a
    family meeting and under order of court with the share of the
    proceeds going to the tutor.   C. C., Arts. 320, 325, 3334;  Le-
    carpentier vs. Lecarpentier, 5 An. 497;  Life Association vs. Hall,
    33 An. 49.

*Dart & Kernan* for Jahncke, Defendant in Rule, .Appellant.

Argued and submitted, April 24, 1895.
Opinion handed down, May 6, 1895.
Rehearing refused, May 20, 1895.

The opinion of the court was delivered by

WATKINS, J.   The decree appealed from in this case makes abso-
lute a rule taken by the plaintiff to coerce Fritz Jahncke to accept.
title to certain real estate situated in the city of New Orleans, which
was adjudicated to him at public auction, conformably to a judicial'
decree directing and requiring a partition thereof by licitation.

It directed and required the said defendant in rule to pay the pur-
chase price in compliance with the terms of the adjudication, and
ordered that the portion thereof coming to Mrs. Bryant, in-
dividually and as tutrix, be deposited in the registry of the court,

and directed the cancellation of the legal mortgage of the minors resting against the property.

Questioning the effectualness and legal efficacy of such decree, and the contemplated cancellation of the aforesaid mortgage, the defendant in rule has prosecuted this appeal in order to procure an adjudication of this court upon the question.

For, as counsel suggest in their brief, if the decree be literally carried out, the purchaser may find himself in possession of an encumbered undivided portion of the property.

For, supposing the share of the proceeds coming to the minors be not invested in real estate, or in mortgages on real estate, but remain uninvested in the registry of the court, would not their mortgage remain in force upon their share in the property the respondent acquired at partition sale?

This postulate rests upon the theory that the minor's mortgage remains upon the property *until* the reinvestment of the funds is actually made.

On the other hand, it is contended that, inasmuch as a judicial partition can be lawfully made contradictorily with the minors having an undivided interest in real estate, it necessarily results that a partition sale extinguishes the minor's mortgage and transfers it to the proceeds of sale, and that a different construction of the law would result in an embargo on the right of co-owner to have a partition of the common property.

The subjoined statement of facts will sufficiently illustrate the question of law that is propounded, viz.:

On the 30th of April, 1890, Angelo M. and J. Solari, brothers, jointly acquired by purchase in equal shares the property which is the subject of the present partition proceedings. Angelo M. Solari was at the time married to Georgiana Bryant. He subsequently died intestate, leaving surviving him his widow, Mrs. Georgiana Bryant, and six minor children, issue of his marriage with Miss Bryant. Joseph Solari departed this life on January 2, 1893. In his last will he bequeathed 8-21 parts of his one undivided one-half interest in the property to his sister, Mrs. Widow Catherine Koehl, and the remaining 13-21 parts he devised to the six minor children of his brother, Angelo M. Solari. The title to the property thus became vested in indivision in Mrs. Georgiana Bryant Solari, as widow in community of Angelo M. Solari; in Mrs. Widow Catherine

Koehl by virtue of and as one of the legatees under Joseph Solari's will, and in the minor children of Angelo M. Solari as heirs of their deceased father and as legatees of their uncle, Joseph Solari.

On January 2, 1894, Mrs. Koehl filed a petition in the Civil District Court for the parish of Orleans, alleging the common ownership of the property, and she prayed for its partition and for the appointment of experts to report whether it could be conveniently divided in kind. Mrs. Georgiana Bryant Solari, both individually and in her capacity as tutrix of her minor children, was duly made the party defendant to the suit. Mrs. Solari, *née* Bryant, filed an answer to the petition, pleading the general issue, and praying that should the court decree a partition and sale the portion of the proceeds coming to her individually and as tutrix be paid over to her. The experts appointed having reported that the property could not be conveniently divided in kind, a family meeting, duly convened before N. B. Trist, notary public, unanimously recommended its sale at public auction, and fixed the terms of sale. The deliberation of the family meeting having been homologated, the learned judge of the lower court, after hearing the evidence, decreed a partition and sale at auction in accordance with the recommendations of the family meeting. After proper advertisement the property was adjudicated for the price and upon the terms fixed by the family meeting to one Fritz Jahncke. The latter refused to take the title to the property and to pay the purchase price thereof, claiming that the general mortgage in favor of Mrs. Solari's minor children resting upon her interest in the property sold had not been extinguished, by the mere fact of the sale, and that, therefore, the title was encumbered, and not such as he could be compelled to accept. The plaintiff, Mrs. Koehl, then took a rule against Fritz Jahncke, the recorder of mortgages, and Mrs. Georgiana Bryant Solari, individually and as tutrix, to show cause why the minors' mortgage should not be erased and annulled and canceled and referred to the proceeds of sale, and why Fritz Jahncke, adjudicatee and purchaser, should not be condemned to accept the title to the property.

Subsequently a supplemental rule was filed by Mrs. Koehl, ordering the defendants in the original rule to show cause why the portion of the proceeds of sale coming and belonging to Mrs. Bryant, individually and as tutrix, should not be deposited in the registry of the Civil District Court, to be thereafter invested in real property

upon the advice of a family meeting, to be convened for that purpose and upon order of court.

The under-tutor of the minor children of Mrs. Georgiana Bryant Solari, James A. Koehl, was served with a copy of this supplemental as well as the original rule, and was made a party defendant thereto, and upon final trial of both rules he duly appeared. The learned judge *a quo* made the rule absolute, decreed the cancellation of the minor's mortgage, condemned Fritz Jahncke to accept the title to the property and to pay the purchase price in compliance with the terms of the adjudication, and ordered the portion of the price belonging to Mrs. Bryant, individually and as tutrix, to be deposited in the registry of the court in accordance with the prayer of the supplemental rule.

Simplified, the question is, whether the decree of the court *a qua,* requiring the cancellation of the minor's mortgage upon the purchaser making a deposit in the registry of the court, of "the portion of the proceeds of sale coming and belonging to Mrs. Bryant, individually and as tutrix," should be affirmed, as fully relieving the property of said incumbrance.

The foregoing statement discloses this to be the case of a judicial partition of incumbered property, held in common by heirs, some of whom are minors. It is property in which the mother and natural tutrix has an interest in common with her minor children, with their legal mortgage resting on the joint interest owned by the natural tutrix.

The brothers A. M. and J. Solari acquired the property in their names jointly; and at the death of the former, his six minor children inherited his one undivided half interest in the property of the community, that is to say one-fourth in the whole property. Another fourth interest devolved upon his surviving widow, Georgiana Bryant.

At the death of J. Solari, 13-21 parts of his one-half were by the terms of his will vested in the aforesaid minors; and 8-21 parts thereof were vested in Mrs. Catherine Koehl. It is there exhibited that the minors are the owners of a little more than one-half interest in the common property with a legal mortgage resting upon the undivided one-fourth interest of their mother, as a security for the due performance of her obligations as natural tutrix.

The serious question in the case is, whether the interest or share

of one co-owner, who is at the same time natural tutrix, can be discharged and released from the effect of the minors' legal mortgage through the operation and effect of a judicial partition sale.

The case which is pointed to, by both the counsel for the plaintiff and respondents in rule, is Lecarpentier vs. Lecarpentier, 5 An. 499, as the one which must control our decision.

In that case the court said:

"The difficulty which prevents F. J. Lecarpentier, the plaintiff in rule, from receiving his share of the proceeds of the sale of the common property may be obviated in three ways: (1) by giving the defendant satisfactory security to indemnify her against the mortgage; (2) by causing his share to be invested in real estate under the supervision of the court, and the advice of a family meeting, and giving a special mortgage on the property thus purchased under the provisions of the act of 1831; and finally, by agreeing with the defendant that she will retain the amount until the majority of the minors, on paying the stipulated interest.

"Leaving the plaintiff the choice of means, we will simply affirm the judgment."

In Life Association vs. Hall, 33 An. 49, the court said: "We consider that the adjudication made in the case of Lecarpentier, 5 An. 497, so far as it declares that the general mortgage continues to attach on the tutor's share, notwithstanding a judicial sale to effect a partition, and can only be replaced by a special mortgage, and suggests the investment in real estate, under the supervision of the court in the name of the tutor, of the proceeds of his share in the property held in common, and sold to effect a partition—contains a correct exposition of the law "—and affirmed that decision, citing Fabre vs. Hepp, 7 An. 9; Aicard vs. Daly, *Id.* 612; Succession of Widow Tureaud vs. Gex, 21 An. 253; Fontenette vs. Veazey, 1 An. 236; Beauregard vs. Leveau, 30 An. 304; Fleetwood vs. Bordes, 19 An. 55; Barnard vs. Erwin, 2 Rob. 415.

Our conclusion is to stand upon those two decisions, as affirming like principles of law.

The judgment appealed from ordered the cancellation and erasure of the minor's mortgage from the records of the mortgage office; that the respondent be compelled to accept and complete the title tendered him, and pay the purchase price in compliance with the adjudication; and "that the portion of the purchase price coming to

Georgiana Bryant Solari individually, and the portion of the said price coming to the minors above named be deposited in the registry of the court, there to remain until reinvested in real estate under the advice and recommendation of a family meeting to be held and convened for that purpose, and under an order of court to be hereafter rendered.''

Considering that the proceeds will represent the property, the shares of the respective parties in interest are transferred thereto. But to make it certain that the property shall pass free of any encumbrance, we think it best that all the proceeds of sale shall be deposited in the registry of the court and there remain until the amount coming to the minors shall be actually reinvested upon the order of the court upon the recommendation of a family meeting,''  · and the natural tutrix shall provide adequate security in place of the legal mortgage now resting upon her one undivided one-fourth interest in the property sold.

Otherwise there might be some risk of loss or injury to the interest of the minors.   The whole proceeds being deposited in the registry of the court, the parties in interest will be concerned in the proper and speedy investment being made, and proper security furnished by the tutrix.

In our opinion, there is no doubt of our power to deal with the proceeds of sale, as we are called on to deal with the property; and it is our conception of the law that the minors must have security at all times sufficient to cover and protect their interests.

It is therefore ordered and decreed that the judgment appealed from be so amended as to require the entire proceeds of sale to be deposited in the registry of the court, and there remain subject to the order of court, until the share of the minors is legally reinvested and their tutrix furnishes satisfactory security in lieu of their legal mortgage upon her interest in the property sold; and that as thus amended the same be affirmed, the appellees being taxed with the costs of appeal.