The opinion of the court was delivered by
Watkins, J.
This appeal is prosecuted from a judgment making absolute a rule taken by the fathers of the minor legatees of Rienzi plantation to compel acceptance by the defendants in rule asadjudicatees thereof at a private judicial sale of the title tendered them in respect of the undivided interests of said legatees therein — said sale having been made in pursuance of an order of the judge and the . recommendations of á family meeting for the purpose of effecting a partition between the co-proprietors thereof.
As presenting a fair synopsis of the facts of the case we append the following extracts from the defendants and appellants’ brief, instead of making a statement of our own. Brief, pages 1 to 4, inclusive:
“ On the 29bh January, 1896, by act before Coulon, notary, Mrs. Bettie Allen, the Allen heirs and Smith heirs, legatees of Rienzi plantation, sold it to J. B. Leverb and E. 17. Morvant for forty-one thousand dollars, one-third cash and the balance in two equal instalments, represented by notes maturing respectively at one and two years from date, secured by vendor’s lien and special mortgage on the property sold.
“Among the vendors the so-called Allen heirs, all being minors, *1242 were represented by their fathers, who acted as tutors duly authorized by family meetings. Two sets of those minors live in Memphis, .Tenn., and the other set in New Orleans, La. The mothers of the minors are still living. The sale, in so far as the minors are concerned, was to effect a partition between the co-owners for reasons fully set forth in the petitions for and prooes verbals of family meetings.
“After the purchasers had paid the cash and given their notes, both the cash and uotes that are to go to the Allen heirs and Smith heirs were under a clause in the act deposited in the hands of the three executors of the last will of R. H. Allen, to be distributed among the Allen heirs and the Smith heirs in accordance with the decree of this Honorable Court, when same becomes final, in the matter of the Succession of R. H. Allen, No. 11,998 on the docket of the court, rendered on the oppositions to the provisional and final accounts filed in the matter of that succession. The decree on those oppositions is now under advisement on application for rehearing, and among other questions presented is the proper distribution of the joint legacy made to the Allen heirs .and the Smith heirs of the one-half of Rienzi. Whatever the distributive share of the Allen heirs is, then the defendants in the present ease ask that it be held in the hands of its custodians, the executors, until final decree herein.
“ In the present ease'the Allen heirs sue out a rule on the executors as custodians and on Levert and Morvant, purchasers of Rienzi plantation, to show cause why the executors should not turn over to plaintiffs in rule the distributive share that may be fixed by your Honors’ final decree on the oppositions to the final and provisional accounts aforesaid.
“ Defendants in rule duly notified the executors not to turn over the distributive share of these Allen heirs, minors, in and to the cash and notes given for purchase price of Rienzi plantation, because, since their purchase of the plantation, they have been legally advised that the title which the said minors purported to have passed to them was defective, null and void for the reasons fully set forth in their answer to the rule, viz.:
“ 1. That the respective fathers of said minors pretended to act throughout the proceedings of family meetings, and in the act of sale by virtue of Art. 222 of the Civil Code as ‘ being clothed with the powers of the tutor,’ but your appearers say that they *1243 could not thus act, and were not thus clothed, because they failed to have inventories taken and made of the property of the said minors, and failed to have certificate of the amount of said inventories recorded according to law in the mortgage records of the parish of Lafourche, and in such other parishes where the said fath er might have property.
“2. That the proceedings for family meetings and the family meetings held in the parish of Lafourche, on behalf of the minors of Thomas H. Allen and Richard H. Allen, should have been had and held in the city of Memphis, State of Tennessee, where ' said minors and their fathers reside; the court of the State of Louisiana, parish of Lafourche, being without jurisdiction ratione personse.
“ 3. That, even if said family meetings were regularly held, which is denied, and even if the court of the parish of Lafourche had jurisdiction in the premises, which is also denied, than said family meetings should, besides fixing the price, terms and conditions of the sale, have provided for the investment of the funds of the minors, as required by law.”
I.
The pertinent provisions of the Oode are, viz.:
“ Property belonging to minors, both of whose parents are living, may be sold or mortgaged, and any other step may be taken affecting their interest, in the same manner and by pursuing the same forms as in case of minors represented by tutors, the father occupying the place and being clothed with the powers of a tutor.
“ An under-tutor ad hoe shall be appointed by the court, contradictorily with whom the proceedings shall be carried on.” R. C. C., 222.
The foregoing is a new article, first appearing in the Revised Civil Code of 1870; and its effect is merely to put the father — in case both the mother and father are living — in the place and stead of a tutor pro hac vice.
Or in the language of that article, “ the father (occupies) the place (and is) clothed with the powers of (a) tutor;” but he is not a tutor. The law empowers a father who is thus circumstanced to officiate in the legal proceedings leading up to a partition, to be effected through the instrumentality of a private sale, as though he were tutor for his minor children; but it does not say that he shall *1244 subscribe any oath, furnish any surety, take any inventory or cause any mortgage to be registered against himself as conditions prece - dent to his’ exercise of that function. It simply clothes the father “ with the powers of the tutor;” and we are not authorized to extend, or by construction to enlarge its precepts.
II.
This proposition was contended for and decided adversely to de - fondants’ present contention in Johnson vs. Barkley, 47 An. 98.
In that case we said:
“The immovable property was within the limits of Louisiana, and the court having jurisdiction of the suit, for partition, was authorized to direct the proceedings of family meetings here in the interest of the minors residing abroad. Not being residents of the State, their residence, for the purpose of the partition and for the family meeting, was at the situs of the property. It would be different if they were residents of another parish of the State.
“ While this court, perhaps, has referred to judicial proceedings in the interest of minors residing out of the State, as cumulative and adding to the protection of their interest, it was never contemplated that family meetings could be held abroad for the alienation of the immovable property of the minor in this State. James vs. Meyer, 41 An. 1100; James vs. Meyer, 43 An. 44; Succession of Lewis, 10 An. 791; Bailey vs. Morrison, 4 An. 523.”
We are of opinion that that case was correctly decided, and it is adverse to the defendants’ contention.
III.
That the family meeting recommending the sale of the interests of the minor legatees in the realty that was sold should have, also, made some provision for a proper investment of the funds which were realized thereby is, perhaps, true; and such a course would -justly conform to our ruling in Koehl vs. Solari, 47 An. 890, in which we said:
“ Considering that the proceeds will represent the property, the ¡shares of the respective parties in interest are transferred thereto. .But to make it certain that the property shall pass free of any ■encumbrance, we think it best that all of the proceeds of sale shall ¡be deposited in the registry of the court, and there remain until the *1245 amount coming to the minors shall be actually reinvested upon the order of court upon the recommendations of a family meeting,” etc.
According to the foregoing statement both the cash and notes “that are to go to the Allen heirs and Smith heirs were, under a clause in the act (of sale), deposited in the hands of the executors,” etc., and in our opinion same ought to so remain deposited until such time as the same shall be invested for the minors in pursuance of an order of court and the recommendations of a family meeting, as a security to the title of the purchasers, and the minors’ rights as well.
True it is that the property in question came to the minors as an inheritance by testamentary bequest, and, consequently, unaffected by any legal mortgage against their fathers, respectively, as tutor : yet a large sum of money is to be paid by the defendants therefor into the hands of their fathers as tutors pro hae vice, and its investment in some satisfactory manner will prove an additional safeguard to all parties in interest.
It is therefore ordered and decreed that the judgment appealed from be so amended as to require that the purchase price of the interests of the minors remain on deposit in the hands of the executors until the funds are invested pursuant to an order of court and the recommendations of a family meeting, and that as thus amended same be affirmed — costs of appeal to be paid by the appellee.