No. 14,006.

SUCCESSION OF PETER B. VIARD.

SYLLABUS.

1. The Recorder of Mortgages, in case of serious doubt, has the right to compel parties to resort to the courts in order to have it judicially determined whether or not a mortgage should be cancelled.

2. In all judicial partitions by licitation, the mortgages, liens, and privileges of the parties to the partition shall, by order of court, be transferred to the proceeds.

3. The same rule holds when a partition is made by private sale.

4. The proceeds of the sale are to be deposited in the registry of the court and are to be reinvested under the court's order.

A PPEAL from the Civil District Court, Parish of Orleans—*Sommerville, J.*

*David Rosenberg,* for Plaintiff in Rule, Appellant.

*Dinkelspeil & Hart,* for Robert Legier, Recorder of Mortgages, Defendant in Rule, Appellee.

The opinion of the court was delivered by

BREAUX, J. Peter B. Viard died leaving an adopted child, who is a minor, and a widow in community, who qualified as tutrix of this minor, she being a party to the act of adoption. An inventory was taken, and, afterwards, a family meeting was held. The family meeting advised that it would be to the interest of the minor to sell the property at private sale, under Act 25 of 1878, to effect a partition. The recommendations of this family meeting were homologated. The property was sold at private sale for a price in excess of the appraisement fixed upon it by the family meeting.

A rule was taken against the Recorder of Mortgages to compel him to cancel the minor's mortgage against the natural tutrix, growing out of the inscription in the mortgage office of the certificate of the clerk of court, so far as it related to the property sold, as above mentioned, and no further. The plaintiff in rule offers to deposit the entire proceeds of the sale in court, to remain until reinvested in real estate, upon the advice of a family meeting duly convened.

The Recorder of Mortgages sets forth, in substance, as his reasons for declining to cancel the mortgage: that when property is sold, in which the minor has an undivided share, to effect a partition, there is no law sanctioning the reference of the mortgage to the proceeds.

With reference to his authority to oppose the application of relator to have the mortgage erased, the Recorder avers that he would, perhaps, hereafter, be held liable were he to make an unauthorized cancellation of the mortgage. We agree with him in this respect and recognize his right to test relator's right to the cancellation. With reference to the cancellation of a minor's mortgage, this court has decided that a

tutor is without authority to have a mortgage on his property cancelled without previously substituting a special mortgage to secure his ward. Life Association vs. Hall, 33rd Ann. 49. None the less, in several cases afterward, different views from the foregoing were expressed. It is said that these decisions called the attention of the law maker to the question and that it resulted in the enactment of Statute 86 of 1896.

It remains that during a number of years, prior to the adoption of the law just noted, decisions were rendered, decreeing that in sales by licitation for a partition, the mortgage was shifted from the property to the proceeds. In Morris vs. Lalaurie, 39th Ann. 47, the question was considered and the court held that in a partition by licitation the mortgage passed to the proceeds. Diamond vs. Diamond, 27th Ann. 127, and Bayhi vs. Bayhi, 35th Ann. 531, are other cases in point cited only in support of the proposition that, without legislation on the subject, the court ruled that in sales by licitation for a partition, the mortgage was transferred to the proceeds.

We will pause for a minute to say that, technically, there is a difference between a sale by licitation and a private sale. We quote from Black's Law Dictionary: "An act by which co-heirs, or other co-proprietors of a thing in common and undivided between them, put it up to bid between them, to be adjudged and to belong to the highest and last bidder upon condition that he pay each of his co-proprietors a part of the price equal to the undivided part which each of said co-proprietors had in the estate licited before the adjudication." We may as well state here that Statute 86 of 1896, in terms, provides for sale by licitation, and that it contains no reference to sale by private act made for a partition.

From this, may it not properly be inferred that when private sales are made for a partition, under Act 25 of 1878, without special legislation, the minor's mortgage attaches to the proceeds of the property sold? The difficulty, as relates to minors, grows out of the fact that the tutor's property, when he owns property in indivision with his ward, is burdened with the minor's mortgage. While it is conceded that the minor's property passes in a sale made, under Act 25 of 1878, it is contended that the minor's mortgage remains on the tutor's share. That view finds support in Lyman vs. Stroudebach, 47th Ann. 71.

We will not pursue the discussion further on this point than to say that the act of sale before us, although a private sale, was intended in every respect to give title. It would scarcely be a title worth having

if the property of the tutor, owner in common, remained subject to the minor's mortgage. As the owner in common has the right to put an end to the indivision in the ownership, and as the law gives him the right to accomplish this by private sale, if the property remained encumbered by a mortgage of one of the parties in favor of another of the parties to the sale for a partition, the situation would become quite anomalous. The property of the minor would pass free of mortgage, while that of his tutor would remain subject to his mortgage. The minor would receive his portion, and, at the same time, retain his mortgage on his tutor's property sold for a partition.

We do not think that such is the inference to be drawn from the different articles of the Code, and of the statutes relating to partitions. The parties to a partition, both majors and minors, must, to some extent at least, be bound by their own acts.

We pass to another point in the case. The tutrix offers to deposit the entire proceeds of the sale in the registry of the court, subject to the future orders of the court. She can be held to the performance of that offer, and, thereby, beyond all question, secure the minor's right. This is sanctioned by authority of date not recent. 47 A.nn. 890, cited *infra.* In Lecarpentier vs. Lecarpentier, 5 Ann. 497, a similar question was considered and decided. The difficulties were much greater in the last cited case than in the case at bar. The sale was not considered legal, and yet the court held that the plaintiff in rule, who was tutor of the minor, was at liberty in three ways to meet the objection to his receiving his share of the proceeds of the sale of the property: first, by giving the defendant satisfactory security to indemnify her against the mortgage; second, by causing his share to be invested in real estate, under the supervision of the court and the advice of a family meeting, and giving a special mortgage on the property. thus purchased under the provisions of the Act of 1831; or, finally, by agreeing with the defendant that she will retain the amount until the majority of the minors, on paying a stipulated rate of interest. Leaving to the plaintiff the choice of means. the judgment of the lower court was affirmed. The chief purpose was to protect the minor's interest in a lawful way, and then to sanction the sale.

In a decision of recent date, the question was before this court, and it was decided, in a case of sale of a minor's property to effect a partition that, "considering that the proceeds will represent the property, the shares of the respective parties in interest are transferred thereto." Koehl vs. Solari, 47 Ann. 890.

But to make it certain that the property shall pass free of any encumbrance, we think it best that all the proceeds of sale shall be deposited in the registry of the court and there remain until the amount coming to the minors shall be actually reinvested upon the order of the court upon the recommendation of a family meeting, and the natural tutrix shall provide adequate security in place of the legal mortgage. As in the cited case, the court has the power to "deal with the proceeds of the sale as it has with the property."

This suit was for the interest of the widow and minor, and they should pay the costs of both courts, and not the officer who prudently declined to accede to their demand without judicial sanction.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed.

It is further ordered, adjudged, and decreed that the entire proceeds of sale be deposited in the registry of the court, and there remain subject to the order of court, until the share of the minor and the tutrix be reinvested in real estate and the minor's mortgage properly inscribed and made effective.

It is further ordered, adjudged, and decreed that after the said deposit shall have been made, the minor's mortgage on the property shall be cancelled.