110 LA.—30

---

(34 South. 878.)

No. 14,625.

### Succession of WEGMANN.*

(Dec. 15, 1902.)

APPEAL—PARTIES—INTERLOCUTORY ORDER — SIGNING—RIGHT TO APPEAL—STAY—ASSIGNMENT OF ERRORS—PROBATE PROCEDURE— —EVIDENCE—TUTORS—DEPOSIT OF FUNDS IN COURT.

1. The appellant is not required to look beyond the record and cite on appeal persons who were not parties to the judgment appealed from.

2. When an order to a tutor to deposit in court the funds of the minor is made in connection with an account of his gestion submitted by the tutor, such order is interlocutory in character, and under Act No. 4, p. 5, of 1896, regulating proceedings in the civil district court of the parish of Orleans, and under the rules of court adopted in pursuance of said act, may be made in vacation, and need not be signed.

3. An interlocutory order designed to carry out a judgment previously rendered is ordinarily not appealable, but such order becomes appealable when question is raised as to whether, previously to said order, the judgment had not already been carried out.

4. An order taking the minors' funds out of the hands of the tutor is presumably injurious to the minors, and is appealable.

5. The Supreme Court may allow new parties to be made to the appeal where the exigencies of the case require it.

6. The question being whether, as a result of a suspensive appeal taken to this court, the effect of a certain judgment is stayed, this court will take notice of the fact that the suspensive appeal in question was filed too late, and is bound to be dismissed.

7. The appellant has 10 days within which to file an assignment of errors, and is not deprived of the benefit of said delay by the filing of a motion to dismiss.

8. In probate proceedings the testimony of the witnesses is required to be taken down in writing, and a list of the documentary evidence is required to be made. If such evidence is absent from the transcript of the appeal, and the transcript has been made in accordance with an agreement of counsel prescribing what should be included in it, the presumption is that such evidence was in existence, but was not included in the transcript because of the agreement of counsel.

### On the Merits.

9. While the possession and custody of minors' property and funds are intrusted by the law to the tutor, who is required to give bond and security, and who is directed to invest their funds, etc., cases may arise out of the ordinary —exceptional cases—where, owing to peculiar circumstances existing or imminent, the court may find it advisable, in the interest of the min-

---

*Rehearing denied June 22, 1903.

ors, who are under its protection (for the tutor administers as an officer of the court), to order their funds deposited temporarily in its registry.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the succession of Joseph Wegmann. Rule on dative tutor for an accounting, and the tutor appeals. Affirmed.

James Barkley Rosser, Jr., for appellant. Merrick & Lewis and Philip Gensler, Jr., for appellee Wegmann, natural tutrix.

### On Motion to Dismiss.

PROVOSTY, J. Judgment was rendered against the appellant, as dative tutor, ordering him to file an account within 10 days, and in the meantime to either invest or deposit in court the funds he had on hand for the minors, his wards. He apparently did neither, but apparently still had the funds on hand when he submitted his next yearly tutorship account. Thereupon, at the instance of the mother of the minors, the court made an order that he deposit said funds in court and from that order he had taken the present appeal.

Mrs. Wegmann, the appellee, moves to dismiss the appeal on several grounds, which we proceed to consider in regular order.

"(1) That proper parties were not made to the appeal; that Joseph Wegmann, one of the minors in the above matter, was emancipated prior to the judgment appealed from, and should have been made a party to the appeal and cited."

Joseph Wegmann was not a party to the proceeding in the lower court, and therefore did not have to be made a party to the appeal.

"The appellant is not required to look beyond the record and cite, on appeal, persons who were not parties to the judgment appealed from." Fish v. Johnson, 16 La. Ann. 29.

"(2) That the said judgment was signed during vacation, and therefore has never been legally signed, and no appeal will lie until it be signed in term in accordance with the law."

Under Act No. 4, p. 5, of 1896, and the rules of court adopted thereunder, the judgment appealed from could be rendered in vacation, and, being interlocutory, it did not need to be signed. Hen. Dig. p. 23, No. 24; Id. p. 730, No. 10; Code Prac. arts. 538, 546.

"(3) That the judgment appealed from merely carries into effect previous judgment rendered June 24, 1901, which has never been appealed."

There can be no doubt of the correctness of this proposition (State v. Judge of Second Judicial Dist. Court, 27 La. Ann. 703; Boutte v. Boutte's Ex'rs, 30 La. Ann. 180), but nothing shows that it is applicable to the facts of this case. Non constat that the appellant tutor had not already invested the funds when he was thus ordered to deposit them. If so, he was entitled to an appeal from the order to deposit the funds.

"(4) That the judgment herein appealed from is to the interest and benefit of the estate of the minors represented by Peter Wegmann, appellant herein, and no appeal will lie from it."

This is a begging of the question. Is the judgment to the interest of the estate of the minors? Presumably a judgment ordering the funds of a minor out of the hands of the tutor, the legal custodian thereof, is injurious.

We pass to another branch of the case.

Anna Elizabeth Wegmann, one of the minors, has applied for permission to become a party to the appeal. She alleges that since the appeal was granted she has been emancipated, and she annexes to her application a certified copy of the judgment of emancipation. If it be true that she has been emancipated, the appellee can no longer represent her, and it is proper that she should be permitted to come into the case for the purpose of defending her interests. The power of this court to allow new parties to be made in such cases has heretofore been recognized. Planters' Bank v. Bass, 2 La. Ann. 430.

Appellant resists the application on the ground that he has taken a suspensive appeal from the judgment of emancipation, and that this has had the effect of suspending the effect of the judgment and continuing the incapacity of the minor. The court takes notice that the appeal in question was not filed here in time, and that it has been on that ground dismissed.

The appellee Anna Elizabeth Wegmann moves to dismiss the appeal on the following grounds:

"(1) That this is an appeal from an inter-

locutory order, the execution of which does not work the appellant an irreparable injury."

This ground is practically the same as ground 4 of the motion to dismiss of the co-appellee, Mrs. Wegmann, already disposed of.

"(2) That appellant has failed to comply with articles 602 and 603 of the Code of Practice."

"(3) That upon the face of the order appealed from, it appearing that evidence was given in the lower court, the absence of any written evidence, assignment of error, or statement of facts in the transcript works a dismissal of the appeal." ·

These two grounds had better be considered together.

That transcript was filed in this court on the 3d of November, 1902, and the assignment of error was filed on the 12th of the same month, or one day before the expiration of the 10 days' delay allowed by article 897, Code Prac., for the purpose. True, the motion to dismiss had been filed previously, but this makes no difference. State ex rel. Blackman v. Strong, 32 La. Ann. 173.

By failure to comply with articles 602 and 603, Code Prac., is meant that appellant has not brought up the evidence introduced in the case, nor a statement of facts in the place of it. The answer is that the transcript was made in pursuance of a written agreement specifying what should be included in it, and that it must be accepted by the appellee Anna Elizabeth Wegmann as it is, she having come into the case after the appeal had been lodged in this court. By article 1042, Code Prac., the testimony of witnesses is required to be taken down in writing, and a list of all documentary evidence offered is required to be made, in courts of probate. The presumption is that this law was complied with, and that the evidence was left out of the transcript in pursuance of the said agreement of counsel.

The motions to dismiss must be overruled, and it is accordingly so ordered.

## On Merits.

### (May 25, 1903.)

BLANCHARD, J. The dative tutor of the minor heirs of Joseph Wegmann, deceased, administering the estate falling to them, filed in May, 1902, the fourth account of his said administration.

This account showed a balance of $4,184.89 due the minors. The account was examined and approved in writing by the under tutor.

On June 4, 1902, Joseph Wegmann, one of the minors who had, meanwhile, been emancipated by judgment of the court, took a rule on Peter Wegmann, the dative tutor, to show cause why his share of the said $4,184.89, to-wit:—$836.97, should not be delivered to him, and further "to show cause why all general relief should not be accorded mover."

And on June 24, 1902, Mrs. A. C. Wegmann, natural tutrix of the minors Elizabeth, Catherine, Pauline and Louise Wegmann, took a rule on Peter Wegmann, dative tutor aforesaid, to show cause why he should not deliver to her the sum of seventy-seven dollars and eighty cents, being a balance due on certain alimony for the support of the minors under her care, which the dative tutor had been ordered to pay her, and why he should not be punished for contempt, and why he should not 'be personally liable for certain costs, and why all general and equitable relief should not be granted the mover.

These rules came on for trial on July 3, 1902, and the following judgment was entered up, and the same signed on July 10, 1902, to-wit:—

"When after hearing pleadings, evidence and counsel, for the reasons orally assigned by the court, it is ordered that the rule for contempt be discharged. It is further ordered and decreed that Peter Wegmann, dative tutor herein, be and he is hereby ordered to deposit in the registry of the court on or before Monday July 7, 1902, the sum of forty-one hundred and eighty-four & $89/100$ dollars, stated in his fourth annual account as belonging to this succession, taking a receipt·therefor from the clerk of this court."

From this judgment the·dative tutor took, seasonably, a suspensive appeal and it is this appeal that is now before us. ·

The record is barren of any evidence, or of any statement of facts made out pursuant to articles 602 and 603 of the Code of Practice.

Lawyers dealing with probate matters and courts of probate will do well to observe the requirements of·Code Prac. art.·1042, where it is laid down that the testimony of witnesses in causes before the courts of probate shall be

taken in writing and made part of the record, and the same with regard to documents filed in evidence.

There being no evidence and no statement of facts upon which the court may act, the appellant filed here, pursuant to Code Prac. art. 897, "an assignment of errors of law appearing on the face of the record."

He assigns as error that no evidence was offered by the appellees in support of the allegations made in the rule taken on him that the dative tutor (appellant) had failed to invest the funds of his wards, and argues from this that the judgment was rendered without evidence.

· There are two answers to this: First, there appears copied in the record a communication from counsel representing the appellant, addressed to the clerk of the court a qua in which he is directed, in preparing the transcript of appeal, to begin the transcript with the petition and account filed May 22, 1901, copying all minute entries and the sheriff's return on certain pleas that are named, and ending with the judgment appealed from and the proceedings relating to taking the appeal. Counsel for the appellees signs this letter to the clerk, acquiescing in the instructions given.

The clerk's certificate shows he made out the transcript in accordance with the instructions. He does not certify to a full transcript.

This being the case, how can appellant assign as error apparent on the face of the record that no evidence was taken? For aught we know evidence was taken and omitted from the transcript under the instructions aforesaid to the clerk.

The second answer to this assignment of error is that the judgment appealed from, itself, recites it is predicated on evidence adduced.

If that evidence be not in the record, whose fault is it other than appellant's? Nothing may be assigned as error of law which could have been cured by evidence legally adduced. Succession of Bailey, 25 La. Ann. 580.

He assigns as further error (and this is his main contention) that he (the appellant), the duly appointed and qualified dative tutor of the Wegmann minors, is alone entitled by law to the possession and custody of the property of the minors, and that no law of the State authorizes the probate court to order him to deposit funds, in his hands belonging to the tutorship, in the registry of the court.

While it is undoubtedly true that the possession and custody of minors' property and funds are entrusted by the law to the tutor, who is required to give bond and security, and who is directed to invest their funds, etc., cases may arise out of the ordinary—exceptionable cases—where, owing to peculiar circumstances existing, or imminent, the court may find it advisable, in the interest of the minors, who are under its protection (for a tutor administers as an officer of the court) to order their funds deposited temporarily in its registry.

In such case such order may legally be made. Jurisprudence sanctions this. See Burdeau, Tutor, v. Davey, 43 La. Ann. 585, 9 South. 752; Koehl v. Solari, 47 La. Ann. 894, 17 South. 464.

Whether the facts of the instant case were of such an exceptional character as justified the judge, in the exercise of a reasonable discretion, in making the order complained of, we cannot say, for, as heretofore shown, the evidence does not appear in the record, and in its absence we must presume the judge acted wisely and discreetly, and sustain him.

Judgment affirmed.