PROVOSTY, J.
Plaintiff is tutrix of her children, and brings this suit to compel defendant to accept title to a certain piece of real estate which he has agreed to buy from her. A family meeting was duly held and duly homologated, recommending that this property be sold free of the legal mortgage of the minors upon it, and that the purchase price be deposited in the registry of the court, *279 there to remain until reinvested under the orders of the court. Defendant contends that notwithstanding said family meeting proceedings said property would pass to him, subject to said mortgage, if he accepted title. In that connection he is entirely correct. Life Association v. Hall, 33 La. Ann. 49; Lyman v. Stroudbach, 47 La. Ann. 71, 16 South. 662; Succession of Keppel, 113 La. 246, 36 South. 955; also Succession of Wegmann, 110 La. 930, 34 South. 878, and cases cited in these cases. The cases of Koehl v. Solari, 47 La. Ann. 890, 17 South. 464, Succession of Viard, 106 La. 73, 30 South. 246, Richardson v. Richardson, 52 La. Ann. 1402, 27 South. 890, and Succession of Allen, 48 La. Ann, 1240, 20 South. 683, cited by plaintiff, are not in point. The 'sales there involved were for the purpose of effecting a partition.
Judgment affirmed.