In Caldwell v. Turner, 129 La. 19, 55 South. 695, this court said:

"The testimony of a plaintiff in his own favor to establish a large claim against a succession should be received with the greatest caution. It is, in itself, of the weakest character, and, unless strongly corroborated, cannot serve as a basis for a judgment of recovery"—citing Cutler v. Succession of Collins, 37 La. Ann. 95; Bodenheimer v. Bodenheimer, 35 La. Ann. 1005; Calhoun v. McKnight, 44 La. Ann. 578, 10 South. 783; Succession of Gabisso, 122 La. 829, 48 South. 277; Succession of Daste, 125 La. 657, 51 South. 677, 29 L. R. A. (N. S.) 297.

On the whole, therefore, we do not think that the other testimony in this case is sufficient to strongly corroborate that of Odillon Blanchet seeking to establish a large claim against a succession by alleged declarations of the deceased made almost in articulo mortis and not revealed until after his death.

We are always loath to disturb findings of fact by a trial judge; but in the case before us we are not dealing so much with the credibility of witnesses, as with the *sufficiency* of evidence. And our conclusion is that the testimony in this case is insufficient to establish the voluntary remission of this large note by the deceased as he lay upon his deathbed.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that the demand of plaintiff in rule be rejected, at his cost in both courts.

Rehearing refused by the WHOLE COURT.

(98 South. 854)

No. 23850.

### SCHMIDT et al. v. SCHMIDT et al.

(Jan. 7, 1924.)

*(Syllabus by Editorial Staff.)*

Partition ⊗⇒111(3) — On partition of lands, minor's mortgage against tutrix may be canceled on deposit by tutrix in registry of her portion of the property.

In view of Act No. 86 of 1896, amending Civ. Code, art. 1338, in partition by licitation of property in which the tutrix of a minor owns an estate in indivision, the minor's mortgage against the share of the tutrix may be canceled and referred to the proceeds on the deposit in the registry of the court of the tutrix's share thereof, and it is not necessary that the total price of the sale be deposited.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit for partition by Chas. D. Schmidt and others against the Schmidt and Donovan minors and others. The petition was homologated, and from an order requiring the Recorder of Mortgages to cancel a minor's mortgage as affecting the property partitioned, he appeals. Affirmed.

George Montgomery, of New Orleans, for appellant.

James J. McLoughlin and Frank McLoughlin, both of New Orleans, for appellees.

By Division A, composed of O'NIELL, C. J., and BRUNOT and ROGERS, JJ.

BRUNOT, J. Some of the co-owners, in indivision, of certain described property, petitioned the court for a partition thereof.

A partition by licitation was ordered and the property was sold.

All of the co-owners, including the widow W. B. Donovan, individually and as natural tutrix to her minor child, petitioned the court for the homologation of the partition and the cancellation of the minor's mortgage

resting upon the property in order that the purchaser might obtain a clear title thereto.

The partition was homologated, the proceeds of the sale of the property allotted to the widow W. B. Donovan were ordered deposited with the clerk of court, and the recorder of mortgages was ordered to cancel the inscription of the minor's mortgage in so far as it affected the property partitioned.

The recorder of mortgages refused to comply with the order directing the cancellation of the minor's mortgage, and he was ruled into court to show cause why the mortgage should not be canceled. The rule was made absolute, and from this judgment he has appealed.

The only question presented is whether or not the cancellation of the general mortgage resulting from the tutorship should be ordered upon the deposit in the registry of the court of the share of the proceeds of the sale belonging to the tutrix.

Appellant contends that the total price of the sale should be deposited, and he relies upon the cases of Koehl v. Solari, 47 La. Ann. 890, 17 South. 464, and Succession of Viard, 106 La. 73; 30. South. 246.

Prior to the passage of Act 86 of 1896, amending article 1338 of the Civil Code, there was no direct legislation authorizing the cancellation of the minors' mortgage and reference to the proceeds of a partition sale, and the decisions of this court on that subject were out of harmony, if not conflicting, to an extent which led the court in the case of Life Insurance v. Hall, 33 La. Ann. 56, to say:

"It must be humbly acknowledged that our jurisprudence on the last matter set up as a defense is not such as can be referred to with confidence and satisfaction."

It is noted that one of the cases relied upon by appellant, viz. Koehl v. Solari, 47 La. Ann. 890, 17 South. 464, was decided prior to the passage of Act 86 of 1896. In the other case relied upon, viz. Succession of Viard, 106 La. 73, 30 South. 246, the tutrix and the minor were the sole owners of the property and the tutrix offered to deposit the whole of the proceeds in registry of the court. She was held to the performance of that offer.

In Wilson v. O'Quin, 131 La. 126, 59 South. 38, a case similar to the one before us, in so far as the cancellation of the mortgage and reference to the proceeds is concerned, the court ordered the minors' mortgage canceled upon deposit in the registry of the court of the tutor's share of the proceeds alone. In this case the court based its decision upon the decision in Succession of Viard, and it upheld the doctrine that the court can have no greater concern in the proceeds of the sale than it had in the property before the sale; that, as nothing more than the tutor's undivided interest in the property was incumbered by the minors' mortgage, the price which that interest brought at the sale is substituted for the property itself. Barton v. Hickson, 134 La. 278, 63 South. 902, has no application to this case except in so far as the wording of the opinion indicates that if the sale in that case had been made to effect a partition, the decision in the O'Quin Case, would have been followed.

In view of the provisions of Act 86 of 1896, the decision in Wilson v. O'Quin, 131 La. 126, 59 South. 38, is in our opinion correct and should be adhered to, and that the minor's mortgage against the portion of real estate owned, in indivision, by the widow W. B. Donovan, the tutrix of her minor child, should be canceled and referred to the proceeds upon the deposit in the registry of the court of the tutrix's share thereof. The judgment of the lower court is therefore affirmed.