PEASLEE-GAULBERT COMPANY v. HENRY S. TURNER

(June 22, 1925, Opinion and Decree.)

(*Syllabus by the Court.*)

1. Louisiana Digest—Minors—Par. 141, 142. Where property of a tutor burdened with a minor's general mortgage is sold by the sheriff at the instance of an anterior mortgage creditor, the minor's mortgage is referred to the proceeds and such amount as is due the tutor should be deposited in the registry of the court. Neither the under-tutor who seeks the fund on behalf of the minors nor a judgment creditor of the tutor whose judgment and the claim upon which it is based, arose subsequently to the claims of the minors, who seeks to apply the amount due the tutor to the payment of his judgment, can obtain possession of fund.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit in which the plaintiff, a creditor of a tutor, obtained a judgment against the tutor and made the sheriff garnishee of funds left in his hands from the proceeds of a foreclosure sale against the tutor's property. The undertutor filed a rule on the tutor to show cause.

There was judgment on the trial of a rule recognizing plaintiff's claim to the tutor's share (one-half) of the funds in the hands of the sheriff.

The undertutor, the plaintiff in rule, appealed.

Judgment reversed, ordering the sheriff to deposit the funds in the registry of the court.

Scott E. Beer, attorney for plaintiff, appellee.

G. B. Harrison, Jr., Eugene D. Saunders, attorneys for defendant, appellant.

WESTERFIELD, J. Henry S. Turner acquired during his marriage certain real estate and executed his notes for the purchase price secured by vendors lien and mortgage. Mrs. Turner died and in due course Turner qualified as natural tutor causing the usual inscription to be placed in the Mortgage Office, resulting in the legal mortgage in favor of his minor children. He filed an account and fixed the share of his wards which was homologated by the court.

Turner's vendor foreclosed upon the property which was sold and the whole price paid to the Sheriff. After satisfying the claim of the mortgage creditor there remained in the hands of the sheriff the sum of $1,052.50.

Plaintiff, a creditor of Turner, obtained a judgment against him upon a claim arising since the death of his wife and learning of the surplus in the hands of the Sheriff made the Sheriff garnishee. Robert Dunwody, the under-tutor of the minors filed a rule against Turner, individually, and as tutor, the sheriff and the seizing creditor plaintiff herein calling upon them to show cause why the fund in the Sheriff's hands should not be turned over to him, Dunwody, for the use and benefit of the minors. In answer to this rule plaintiff waived all claims to one-half of the fund but insisted upon its right to seize the other half as the property of Turner, its judgment debtor.

Upon the trial of the rule the court recognized plaintiff's claim to Turner's share of the fund in the Sheriff's hands and awarded judgment accordingly. Dunwody, the under-tutor and plaintiff in rule has appealed.

It was admitted in argument, as it well might be, that Dunwody had no claim for the possession of the money. An under-tutor during the administration of a tutor has not authority to receive the funds be-

longing to the minor, or to invest for his protection proceeds of the sale of property upon which the minors mortgage rested.

The question therefore is whether the seizing creditor is entitled to that portion of the price belonging to its judgment debtor.

It will be remembered that the plaintiffs claim arose subsequent to the dissolution of the community between Turner and his wife and therefore subsequent to the claims of the minors. The judgment was not recorded in the Mortgage Office and plaintiff has proceeded here by fi fa and garnishment. It is argued that the interest of the minors in this fund is problematical since it may develop that Turner at the conclusion of his administration would owe them nothing and since the legal mortgage of the tutor can only be executed at the conclusion of his function as tutor— Holmes vs. Hemken 6 Rob. 51; Gibbs vs. Lun & Co., 29 La. Ann. 526. But there is no question here of the amount of the tutor's obligation to the minor. We are considering the disposition of funds resulting from the sale of property upon which the law imposed a mortgage for the security of the rights of the minors pending the tutorship. Such funds represent the property and the minors relation thereto is assimilated to their interest in the property. There could be no question that if the property had not been sold and plaintiffs judgment recorded in the Mortgage Office the rank of the consequent judicial mortgage would be inferior to that of the legal mortgage of the minors. Of course the mortgage of the vendor outranked the minors mortgage and no objection could be urged to its foreclosure. But when this mortgage is satisfied and there remains a surplus in the hands of the sheriff, such surplus represents the security of the minors converted, ex necessitate, from real estate to personal property. It cannot be paid to the minors since they are not sui juris, nor to the tutor, since such payment would defeat the very purpose of the law relating to the minors mortgage, nor to the under-tutor, because he has no authority to receive it and it certainly can not be given to a judgment creditor whose claim arose subsequent to the tutorship and after all laws relating to the security of minors have come into operation. What then is to be done with it? The answer is to be found in the jurisprudence relating to the sale of minors property to effect a partition. We are admonished that this jurisprudence relates to partition proceedings which it is agreed presents a different situation. We can not see the distinction. In both instances the question is the disposition of funds resulting from the sale of property burdened with a minors mortgage and the protection of the minors rights. Whatever may be the purpose of the sale the result is in principle the same the form of the minors security has been changed by legal process beyond the control of the minor or his representative. The minors security in his patrimony is a part of the public policy of our law. It never intended that his security should be more apparent than real and that whenever property subject the legal mortgage should be sold the proceeds might be disposed of without reference to his possible claim against his tutor whether such claims be liquidated or not. Koehl vs. Solari, 47 La. Ann. 891, 17 South. 464; Schmidt vs. Schmidt, 155 La. 102, 98 South. 854; Succession of Viard, 106 La. 76, 30 South. 246; Handlin vs. Dadt, 110 La. 936, 34 South. 881.

In Barton vs. Hickson, 134 La. 278, 63 South. 902, it was held that:

"A sale of real estate by a tutrix of her children, though made after a family meeting was duly held and duly homologated, recommending a sale free of the legal mortgage of the children and the deposit

of the price in the registry of the court until reinvested under orders of the court, passes title to the purchaser, subject to said mortgage, if he accepts title, and the tutrix cannot compel him to accept title."

The court in deciding the case said that the Koehl vs. Solari decision and others which have followed it did not apply for the reason that "the sales there involved were for the purpose of effecting a partition." All that was meant by this decision was a declaration in effect that a minor mortgage could not be removed by such a sale even though the proceeds were deposited in the registry of the court. The Solari and other cases in which partition sales were considered the legal mortgage could be removed and referred to the proceeds and the question was as to the proper. disposition of such proceeds. We are not here considering a sale of property burdened with a minor's mortgage where the mortgage follows the property in the hands of the purchaser as was the situation in Barton vs. Hickman (supra), but a case where the mortgage may unquestionably be removed from the property by a foreclosure sale at the instance of a mortgage creditor with a superior lien and referred to the proceeds. Originally there was only one way, other than by giving a special mortgage, by which the general mortgage of a minor could be removed from his tutor's property and that a sale at the instance of an anterior mortgage creditor.

For interesting historical discussion of general and special mortgages antecedent and subordinate in execution by sheriff; see Robinson vs. Cosner, 136 La. 595, 67 South. 468.

"We hold that where there exists no anterior mortgage creditor urging payment the general mortgage of a minor can be removed from his tutor's property by nothing short of a special mortgage given after compliance with all legal requisites on the subject. Commercial Bank vs. City of New Orleans, 17 La. Ann. 194; Lecarpentier vs. Lecarpentier, 5 La. Ann. 497; Brusle vs. Hamilton, 26 La. Ann. 144.

Life Assn. of America vs. Hall 33 La. Ann. 56.

The codal provisions having been amended there is now as we have seen another method by which the minors general mortgage can be removed and that in the case of partition sales. See Act 86 of 1896 amending C. C. Art. 1338.

More recent legislation has further amended the code and another method of removal of the minors general mortgage exists. It is to be hoped that no further amendment is in prospect for little is left of the security originally given minors by our Code whose rights, as Justice Bermudez observed, it watched "with a jealous eye and great solicitude".

We are of opinion that the balance in the sheriff's hands should be placed in the registry of the Civil District Court.

It is therefore ordered that the judgment appealed from be reversed and it is now ordered that the Civil Sheriff be directed to deposit in the Registry of the Civil District Court the balance remaining in the hands of the Sheriff belonging to the said Turner defendant in rule, there to remain until the further orders of the court.

Judgment reversed.