376 So.2d 350 (1979)
James CHIASSON, et ux., Plaintiffs-Appellants,
v.
Frank G. WIDMAN, Defendant-Appellee.
No. 7129.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
*351 Harold L. Savoie, Lafayette, for plaintiffs-appellants.
Bertrand & Soileau, Charles E. Soileau, Rayne, for defendant-appellee.
Before GUIDRY, FORET and SWIFT, JJ.
FORET, Judge.
This is a tort suit. The plaintiffs, Mr. and Mrs. James Chiasson, filed this suit against the defendant, Frank G. Widman, endeavoring to recover the sum of $4,500.00 representing damages plaintiffs alleged they suffered as a result of the unjustified shooting of their pet dog, by the defendant.
The defendant answered and admitted that he shot the dog, but insisted that his actions were fully justified.
Prior to trial on the merits, counsel for the defendant served upon counsel for the plaintiffs twenty-four interrogatories. Service was made pursuant to Louisiana Code of Civil Procedure Articles 1474 and 1313. After a delay of approximately three months, counsel for defendant filed a motion to compel answers to interrogatories. This motion was then set for trial. Subsequent to the filing of this motion but before the trial, plaintiffs answered the interrogatories. After the trial on the motion, the court awarded the defendant $50.00 in attorneys fees, plus all costs of the motion. The only defense raised by counsel for plaintiffs is that he was caught up in the hustle and bustle of the practice.
The plaintiffs prosecute this appeal from the adverse ruling of the trial court denying them the relief prayed for and dismissing their claim.
On June 23, 1978, the defendant, Mr. Widman, shot and killed plaintiffs' dog "Buster". The shooting resulted when, allegedly, the defendant's son ran terrified and screaming into the Widman home as a result of being chased by the plaintiffs' dog. The defendant immediately armed himself and shot the dog. The evidence shows that this shooting was the cause in fact of the dog's death.
The first issue is whether or not the defendant was justified in killing the plaintiffs' dog. The record shows that the defendant had been attacked by the dog on a previous occasion. On this previous occasion, which occurred six to eight months before the incident sued upon, the defendant was forced to shoot the dog to protect himself from its vicious attack. It is likewise clear from the testimony adduced at trial that the plaintiff, James Chiasson, knew that his dog had been shot several times before. Mr. Chiasson took no precautions to protect his dog from any future gunshot wounds.
In Harrell v. Killgore, 2 La.App. 395 (1926), the defendant was held not liable to the plaintiff for killing plaintiff's pedigree bird dog which the defendant believed posed an immediate and impending danger to his children. The essential facts in Harrell are very similar to those in the instant case. The defendant was alarmed by the screams of his children. He immediately armed himself and hurried to the scene of the commotion. Finding what he judged to be a dangerous animal menacing his family, he shot and killed the dog. We find that the defendant, Mr. Widman, acted as a reasonably prudent man under the circumstances would have acted and is therefore not liable.
We note further that there is conflict in testimony as to the vicious propensities of the subject dog. However, no previous vicious tendency of an animal need be shown by the defendant to exculpate himself from liability for the killing of such animal. What must be shown is that this defendant, when confronted with events such as these, acted in what he thought to be the most expeditious and prudent manner in protecting himself or his family from what appears to him to be an immediate and impending danger. The jurisprudence is replete with examples of individuals using force, violent or otherwise, to protect *352 either themselves or others. Wilson v. Dimitri, 138 So.2d 618 (La.App. 4 Cir. 1962); McCullough v. McAnelly, 248 So.2d 7 (La. App. 1 Cir. 1971), writ denied, 259 La. 748, 252 So.2d 451; Pearson v. Taylor, 116 So.2d 833 (La.App. 2 Cir. 1959). The danger need not actually exist. It is only necessary that the actor have grounds which would lead an ordinary reasonable man to believe it exists, and that he so believes. All the pertinent facts should be taken into account in assessing the reasonableness of the belief. Pearson v. Taylor, supra.
Further, in the instant case, the trial court found that Buster was a dangerous and vicious dog. La.R.S. 3:2773 provides in pertinent part:
". . . Any citizen or officer may kill any dangerous or vicious dog, and no citizen or officer shall be liable to (sic) damages or to prosecution by reason of killing any dangerous or vicious dog."
Whether or not a dog is dangerous or vicious within the meaning of La.R.S. 3:2773 is a factual determination to be made by the trial judge based on how a reasonable man would have reacted under the circumstances. Evans v. Litton, 334 So.2d 717 (La.App. 2 Cir. 1976).
An appellate court should not disturb the trial court's determination of fact unless it is clearly and manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find that the trial judge's conclusion is not clearly and manifestly erroneous, but is amply supported by the record.
The second issue raised is whether or not the trial court erred in casting the plaintiffs to pay $50.00 in attorneys fees plus costs resulting from a judgment in favor of the defendant on his motion to compel answers to interrogatories. We find the award wholly proper under La.Code of Civil Procedure Article 1469(4) and within the sound discretion of the trial judge.
For these reasons, the judgment of the trial court is affirmed. All costs herein are to be paid by plaintiffs-appellants.
AFFIRMED.