WATKINS, Judge.
The present action was brought by Phillip Harold Dural on his own behalf and on behalf of his minor child, Andrea Dural, for personal injuries sustained by Andrea while swimming in a public pool. Named defendants are the City of Morgan City and Bart Mancuso. From a judgment dismissing plaintiff’s petition for failure to answer interrogatories under court order, plaintiff appeals. We affirm.
On November 13, 1980, defendants filed some sixteen interrogatories (not including subsections) to be answered by plaintiff. No answer to these interrogatories is in the record and presumably none was ever filed. Suit was dismissed at that time for failure to answer interrogatories and inattendance of counsel for plaintiff at a pretrial conference. We set aside the judgment dismissing the suit in an opinion in our proceeding No. 14,391, dated November 23, 1981 (407 So.2d 757), and remanded the case for further proceedings.
On March 7, 1983, defendants filed a contradictory motion to compel answers to interrogatories. Hearing was set for May 20, 1983, and notice furnished all counsel. On May 20, 1983, the matter was continued until July 1, 1983, as is reflected by the minutes of court. Notice was sent to all counsel- of the July 1, 1983, contradictory hearing on May 24, 1983. Presumably counsel for plaintiff was given notice as the record indicates notice was sent out.
Judgment was rendered on July 1, 1983, and signed on July 6, 1983, on the motion to compel answers. Plaintiff was ordered to file answers within fifteen days, or by July 18, 1983, to interrogatories. Only counsel for defendants was present at the July 1, 1983, hearing. Yet the hearing was not ex parte, counsel for plaintiff to the contrary, as defendants proceeded by contradictory motion and counsel for plain *42 tiff was afforded due notice and yet neglected to appear. Motion to dismiss was filed by defendants on July 19, 1983, and an ex parte order dismissing plaintiffs suit was signed that date. Despite the protests of counsel for plaintiff to the contrary, an ex parte order is clearly permitted and contemplated in the event of failure to provide discovery after the granting of a contradictory motion requiring discovery. LSA-C. C.P. art. 1471. Thus, there can be no valid objection to the procedure used to compel discovery.
Plaintiff filed a motion for a new trial upon the dismissal of suit stating that counsel for plaintiff had since the trial obtained the name and address of an out of state witness which he had earlier been unable to obtain. Yet, the interrogatories as we have stated contained over 16 questions, many with several subsections. The answering of one question would be insufficient to meet the requirements of the discovery article in the Code of Civil Procedure.
Accordingly, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.