482 So.2d 922 (1986)
James COLLIER, Plaintiff-Appellant,
v.
Thomas HOFFMAN, Defendant-Appellee.
No. 17526-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for plaintiff-appellant.
Touchstone & Wilson, Ltd. by David M. Touchstone, Shreveport, for defendant-appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
MARVIN, Judge.
Plaintiff appeals a judgment that rejected his demands against defendant for intentionally shooting two German Shepherd dogs belonging to plaintiff. The only issue is whether the dogs were dangerous or vicious under the circumstances. We affirm. *923 See State v. Collier, 438 So.2d 652 (La.App.2d Cir.1983), concerning the same incident. Compare Evans v. Litton, 334 So.2d 717 (La.App.2d Cir.1976).
Any citizen or officer may kill any dangerous or vicious dog, and no citizen or officer shall be liable to damages or to prosecution by reason of killing any dangerous or vicious dog. (Emphasis ours.) LRS 3:2773, in part.
Plaintiff contends that the trial court was clearly wrong in deciding the issue because the evidence abundantly shows that the dogs were "gentle" and had never before shown any vicious tendencies. A defendant, however, is not required to show prior vicious tendency of the dog to claim benefit of the statute. Chiasson v. Widman, 376 So.2d 350 (La.App.3d Cir. 1979).
On a September morning defendant was awakened from his sleep to discover four dogs, barking, growling, and attacking his elevated rabbit pen about 25-30 feet from the door of defendant's trailer. The pen is approximately 6' × 3' × 3', about three feet off the ground, and is constructed of welded wire mesh and plywood.
Defendant grabbed his shotgun and ran yelling at the dogs in an unsuccessful attempt to scare them off. He then fired the gun into the air and succeeded in scaring off two of the dogs. The remaining two, however, continued their attack. Defendant shot the first dog when it had what defendant described as half of its body through the wire and into the pen attempting to bite a cornered rabbit. Defendant shot the second dog when it then approached defendant with its teeth bared as if to attack. The dogs were grown German Shepherds that were leased by their owner as security dogs. Compare Evans v. Litton, supra.
The test is whether a reasonable person under similar circumstances would have concluded that the dogs were dangerous under 2773. Chiasson, supra. The trial court was not clearly wrong and its judgment is supported by the record. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
At appellant's cost, the judgment is AFFIRMED.
SEXTON, J., concurs.