653 So.2d 112 (1995)
Roderick LeJEUNE, Plaintiff-Appellee/Appellant
v.
LAFAYETTE TOWER SERVICE, Defendant-Appellant/Appellee.
No. 94-1240.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
*113 Michael Benny Miller, Crowley, for Roderick LeJeune.
Carl William Robicheaux, Lafayette, for Lafayette Tower Service.
Before COOKS, WOODARD and PETERS, JJ.
WOODARD, Judge.
This appeal arises from a motion for discovery filed in an action for workers' compensation benefits.

FACTS
Plaintiff, Roderick LeJeune, was injured on June 25, 1991 while working for defendant, Lafayette Tower Service (Lafayette). After instituting the present workers' compensation action against Lafayette, Mr. Le-Jeune submitted Interrogatories and a Request for Production of Documents, to which Lafayette objected on the grounds that they were not designed to lead to discoverable evidence. On July 21, 1992, Mr. LeJeune filed a Motion to Compel Lafayette to answer, but at the hearing on the matter held on December 2, 1992 the hearing officer denied this motion and ordered Mr. LeJeune to amend his petition and re-serve the interrogatories. He applied for a writ from this court, which we granted on March 1, 1993, ordering the hearing officer to reinstate the petition and to hear the Motion to Compel.
The hearing officer reset the Motion to Compel when Mr. LeJeune filed a motion to do so, but then on her own motion the hearing officer scheduled a rule to show cause why Mr. LeJeune's petition should not be dismissed for lack of reasonable cause or foundation in fact. Mr. LeJeune then applied for and received a second writ from this court. On July 15, 1993, we held that the hearing officer erred in ordering the rule to show cause and again ordered her to hear the Motion to Compel.
Pursuant to a second motion to reset filed by Mr. LeJeune, the hearing officer scheduled a hearing on the Motion to Compel for September 21, 1993. Lafayette failed to produce the requested documents and information at the hearing, and the hearing officer took the matter under advisement. Subsequently, after Mr. LeJeune repeatedly requested a ruling on the Motion to Compel, the hearing officer ordered him to amend and re-issue his Request For Interrogatories. He then applied for a third writ from this court, which we granted on March 29, 1994, ordering the hearing officer to hear and rule on his Motion to Compel. It was not until after Mr. LeJeune filed yet another motion to set the matter for hearing that the hearing officer complied, scheduling a hearing for June 10, 1994.
On the morning of the hearing, Lafayette partially complied with Mr. LeJeune's requests and agreed to supplement them, to Mr. LeJeune's satisfaction, later. At the hearing regarding the outstanding discovery with which Lafayette had not yet complied, the hearing officer stated:
I am going to give Mr. Robicheaux [Lafayette's attorney] until June 15th to provide you [Mr. LeJeune's attorney] with copies of the non-privileged material, and by the following week which is June 22nd, will you *114 let me know whether or not you are satisfied with the returns, so we can proceed with the merits of this matter? Okay?
Mr. LeJeune's attorney then argued for the imposition of expenses and attorney fees against Lafayette for its undue delays in complying with the discovery requests. He testified that he had expended 58 hours in litigating the Motion to Compel at $125.00 per hour and that his out-of-pocket expenses totalled $453.82.
The hearing officer took the matter under advisement. Mr. LeJeune's attorney informed the hearing officer on June 22, 1994 that, although some items had not yet been produced as requested, Lafayette had agreed to provide the remaining items. By a judgment dated June 23, 1994, the hearing officer ordered Lafayette to completely comply with Mr. LeJeune's Request for Discovery within 10 days from the date of the judgment. She also awarded Mr. LeJeune attorney's fees of $3,500.00 for "the prosecution and successful writ applications filed in connection with the Motions to Compel Discovery."
Lafayette now appeals, asserting that the hearing officer erred in awarding attorney's fees. Mr. LeJeune also appeals, alleging that the award is inadequate.

LAW
A party to litigation may apply to the trial court for an order compelling discovery when another party fails to answer properly propounded interrogatories or requests for production. La.C.C.P. art. 1469. Upon granting such a motion, the court must require the party whose conduct necessitated the motion to pay the reasonable attorney's fees and expenses incurred by the moving party in obtaining the order, unless opposition to the motion was substantially justified or other circumstances render the award of expenses unjust. Id. When a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties in a just manner. Id. The decision whether to grant relief against a recalcitrant party rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. Shaw v. Champlin Petroleum Co., 501 So.2d 1054, 1058 (La.App. 2 Cir.), writ denied, 504 So.2d 876 (La.1987).
Lafayette provided much of the material that Mr. LeJeune requested, but not all and not until the morning of the hearing. It took Mr. LeJeune nearly two years and many requests and waits to obtain the discovery to which he was entitled. Lafayette argues that this was due solely to a problem between Mr. LeJeune's counsel and the hearing officer, and that its counsel took no part in causing the delays. However, Lafayette was obligated to respond voluntarily to Mr. LeJeune's reasonable requests for discovery because the discovery process is intended to proceed at the initiative of the parties without the necessity of interference by the courts. MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063, 1070 (La.1985). The fact that Lafayette's counsel tendered the discovery, albeit incomplete, made no objection at the hearing to any of Mr. LeJeune's discovery requests, and presented no evidence to show that its opposition was in any way justified, is tantamount to an admission that Mr. LeJeune was entitled to that which he requested and that Lafayette's failure to respond to the discovery request wasnot justified. Further, we can find no legitimate reason in the record for Lafayette's refusal to comply. Such groundless and prolonged refusal to comply with a discovery request that even Lafayette did not consider to be unreasonable clearly merits an award of attorney's fees and expenses. La.C.C.P. art. 1469.
Notwithstanding, it is well settled in Louisiana that attorney's fees may not be awarded for failure to respond to discovery in the absence of an order to compel. Tate v. Tate, 442 So.2d 1379, 1382 (La.App. 3 Cir. 1983). Counsel for Lafayette argues that since there was none, Mr. LeJeune's counsel is not entitled to attorney's fees. We fail to understand this argument, since a reading of the hearing officer's judgment reveals:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the employer's attorney be given an additional ten (10) days from the date of this judgment *115 within which to provide claimant's attorney with the requested documents and/or information (emphasis added).
This judgment contains all of the elements of an order to compel: namely, an order directing Lafayette's counsel to produce the remaining requested discovery on or before a certain date. See Dural v. City of Morgan City, 407 So.2d 757, 759 (La.App. 1 Cir.1981), appeal after remand, 449 So.2d 1047 (La. App. 1 Cir.1984), appeal after remand, 460 So.2d 40 (La.App. 1 Cir.1984). Thus, Mr. LeJeune is entitled to all of his reasonable attorney's fees and expenses incurred in his pursuit of this order. Nevertheless, the hearing officer awarded him less than half of his attorney's fees and expenses. We find no reason in the record or under the law to deny him full recovery, and therefore we hold that the hearing officer abused her discretion in doing so. We award Mr. LeJeune his well-documented, reasonable, and uncontroverted request for $7,703.82.

CONCLUSION
For the foregoing reasons, we affirm the award of attorney's fees, as amended, to reflect an increase to $7,703.82 and remand this case for further proceedings. Costs of this appeal are assessed against appellant/appellee, Lafayette Tower Service.
AFFIRMED AS AMENDED.