STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-485


BENJAMIN HEBERT

VERSUS

COREY J. BROUSSARD, ET AL.


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 99017
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.


AFFIRMED.

John F. Wilkes, III
Borne & Wilkes
P. O. Box 4305
Lafayette, LA  70502-4305
(337) 232-1604
Counsel for Defendant/Appellee:
      City of New Iberia
      Robert Feller, Chief of Police
      Harry Hebert, Animal Control Officer
      Cory J. Broussard, Sr.
      New Iberia Police Department Animal Control

Benjamin Hebert
In Proper Person
1215 West Congress, Apt. #3
Lafayette, LA  70501
(337) 967-2246
Counsel for Plaintiff/Appellant:
      Benjamin Hebert

**PICKETT, J**.

This matter arises from an incident that occurred on July 8, 2002. On that date, the New Iberia Office of Animal Control received a call for assistance from Michelle Miholic after a rottweiler chased and pinned her husband, Vince Miholic, in his back yard. Animal Control Officer Harry Hebert responded to Ms. Miholic's call for assistance. Officer Hebert attempted to catch the dog with his catch pole, but did not succeed. He called the New Iberia City Police Department for back up. Officer Corey J. Broussard responded to the dispatch. When Officer Broussard arrived at the scene the dog, Agnes, was in her owner's backyard. The dog was still loose, the yard was unfenced, and, at that time, the officer had not established the identity of the owner. The dog chased Officer Hebert but stopped when he used his catch pole. The dog then charged Officer Broussard and leapt forward with her mouth open. Officer Broussard drew his service weapon and shot the dog, who later died.

On September 11, 2002, the dog's owner, Benjamin Hebert, filed suit for damages against Officer Hebert, Officer Broussard, Chief Robert Feller of the New Iberia City Police Department, and the City of New Iberia. The defendants filed a motion for summary judgment on June 17, 2003, seeking dismissal of the suit pursuant to La.R.S. 3:2773(D), which grants statutory immunity to officers for the killing of any dangerous or vicious dog. The defendants' motion was heard on July 21, 2003, at which time the trial court granted the motion and dismissed the plaintiff's suit with prejudice. It is from this judgment that the plaintiff appeals.

**ASSIGMENTS OF ERROR**

The plaintiff sets forth two assignments of error:

1) The trial judge erred when he ruled that New Iberia City Policeman Corey Broussard should be given statutory immunity under Louisiana

Revised Statute 3:2773(D).

2) The trial judge erred when he ruled that Officer Corey Broussard, Animal Control Officer Hebert, the City of New Iberia and Chief Feller were not guilty of negligence in the killing of Agnes.

## DISCUSSION

Appellate courts review summary judgments *de novo,* using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. *Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville*, 615 So.2d 318 (La.1993).

The law pertaining to motions for summary judgment is set forth in La.Code Civ.P. art. 966, which states, in pertinent part:

> A. (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
>
> . . . .
>
> C.(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
>
> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, . . . but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

If there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment shall be rendered. La.Code Civ.P. art. 966 (B).

In the instant case, the appellant argues that the trial judge erred in ruling that

2

Officer Broussard was entitled to statutory immunity under La.R.S. 3:2773(D). That statute provides:

> Any citizen or *officer may kill any dangerous or vicious dog*, and no citizen or officer shall be liable to damages or to prosecution by reason of killing any dangerous or vicious dog.

*Id.* (emphases added.)

In *DuBois v. McGuire*, 579 So.2d 1025, 1034 (La.App. 4 Cir. 1991), *writ denied*, *Martinez v. Waterman*, 587 So.2d 696 (La.1991), the Fourth Circuit noted:

> It is clear to the Court that in the state statute R.S. 3:2773, the authority to kill vicious dogs was meant to be exercised in emergency situations where the dog was attacking someone or someone's property. Basically it is a recognition of the right of self defense, defense of others or defense of property. The Court's view is reinforced by virtue of the fact that the only three reported cases on the subject occur in that context. *See Collier v. Hoffman*, 482 So.2d 922 (La.App. 2 Cir. 1986); *Chaisson v. Widman*, 376 So.2d 350 (La.App. 3 Cir. 1979) and *Evans v. Litton*, 334 So.2d 717 (La.App. 2 Cir. 1976). In each of these cases dogs were killed while they were attacking children or farm animals.

Whether or not a dog is "vicious" or "dangerous" is a factual determination which must be determined on a case-by-case basis. The test is whether a reasonable person under similar circumstances would have concluded that the dogs were dangerous under the statute. *Collier*, 482 So.2d 922; *Evans*, 334 So.2d 717.

In *Chiasson v. Widman*, 376 So.2d 350, (La.App. 3 Cir. 1979), this court noted that no previous vicious tendency of an animal need be shown by the defendant to exculpate himself from liability for the killing of such animal. What must be shown is that this defendant, when confronted with events such as these, acted in what he thought to be the most expedient and prudent manner in protecting himself or his family from what appeared to him to be an immediate and impending danger. The danger need not actually exist. It is only necessary that the actor have grounds which would lead an ordinary, reasonable man to believe it exists, and that he so believes. All the pertinent facts should be taken into account in assessing the reasonableness

3

of the belief.

Louisiana's statewide leash law is set forth in La.R.S. 3:2771 and sets forth that "No person shall suffer or permit any dog in his possession, or kept by him about his premises, to run at large on any unenclosed land, or trespass upon any enclosed or unenclosed lands of another." The responsibility for enforcing La.R.S. 3:2771 is placed upon the sheriff, constable, or other police officers of any parish, ward, or municipality in R.S. 3:2773(B), which provides, in pertinent part, that "Any citizen may, . . . or other police officers of any parish, ward, or municipality shall seize any dog found unaccompanied by its owner or keeper and running at large on any road, street, or other public place, or trespassing on any premises other than the premises of the owner."

La.R.S. 3:2771 prohibits a person from allowing his dog to run at large. La.R.S. 3:2773(B) grants police officers the authority to seize any dog found unaccompanied by its owner or keeper. La.R.S. 3:2773(D) gives any officer the authority to kill any dangerous or vicious dog and not be liable for damages if he acted as a reasonably prudent man under the circumstances. *Chiasson*, 376 So.2d 350.

The uncontroverted facts set forth in the record establish that the dog at issue was at large. It chased and pinned Vince Miholic in his back yard. Animal Control was notified. Officer Harry Hebert was went to the scene but was unable to capture the dog. Officer Corey J. Broussard was dispatched to the scene to provide backup. When he arrived, the dog was in its backyard; however, the yard was unfenced. The dog was still unleashed. The dog charged Officer Hebert who stopped him with his catch pole. The dog charged toward Officer Broussard. Officer Broussard shot the

4

dog as it leapt toward him with its mouth open.

The facts establish that the dog was at large and, considering all the surrounding circumstances, a "dangerous" or "vicious" dog as contemplated by La.R.S. 3:2773(D). The trial court did not err in finding that Officer Broussard is entitled to statutory immunity in the shooting death of the dog. This assignment of error is without merit.

In his second assignment of error, the appellant argues that the trial court erred in ruling that Officer Corey Broussard, Animal Control Officer Hebert, the City of New Iberia, and Chief Feller were not guilty of negligence in the killing of Agnes. The appellant contends the City owed him a duty to safely contain his animal when it got loose and Officer Hebert breached that duty.

We disagree. Officer Broussard is entitled to statutory immunity under La.R.S. 3:2773 and cannot be held liable for damages. Accordingly, neither his employer nor supervisor can be held liable for Officer Broussard's actions. We further find neither the city nor Officer Hebert had a duty to safely contain his animal after it got loose. The City's duty was to protect the public from a dangerous or vicious animal running loose which might harm an innocent citizen. The only duty we find that was breached in the matter before us was the appellant's duty under La.R.S. 3:2771 to keep his dog from running at large. We find no error in the trial court's ruling. This assignment of error lacks merit.

Frivolous Appeal

The appellees answered the appeal, asserting that it is frivolous because it does not present a substantial legal question, as the statutory immunity granted under La.R.S. 3:2773(D) clearly applies in this matter. The appellees further argue that the

5

appellant, who is a *pro se* litigant, does not seriously believe the view of the law that he advocates. The appellees seek an award of damages, attorney's fees, and costs for defending the appeal.

This court has the discretion to award damages for a frivolous appeal pursuant to La.Code Civ.P art. 2164 which provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Damages for a frivolous appeal are appropriate when it is clear the appeal was taken for purpose of delay or when it is evident that the appellant's counsel does not seriously advocate the position taken. Appeals are always favored and the slightest justification for an appeal precludes damages for frivolous appeal. *Murphy v. Boeing Petroleum Servs., Inc.*, 600 So.2d 823 (La.App. 3 Cir. 1992).

We decline to award damages for a frivolous appeal. Although he has been unsuccessful in his appeal, we find that the appellant genuinely believes in the merits of his petition. The costs of this appeal, however, are assessed to the appellant.

## DECREE

We find no error in the trial court's judgment granting the appellees' Motion for Summary Judgment. The appellees' request for damages for frivolous appeal is denied. The costs of this appeal are assessed to the appellant.

**AFFIRMED.**

6