NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-393

ALZENA M. RENNIER

VERSUS

MICHAEL G. RENNIER

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 264,381
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and D. Kent Savoie, Judges.

AFFIRMED.

**Michael D. Jeansonne**
**Attorney at Law**
**412 Belleau Wood Blvd.**
**Alexandria, LA 71303**
**(318) 277-1270**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Michael G. Rennier**

**Malcolm X. Larvadain**
**Attorney at Law**
**626 8th St.**
**Alexandria, LA 71301**
**(318) 445-3533**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Alzena M. Rennier**

**SAVOIE, Judge.**

Defendant Michael G. Rennier appeals the judgment of the trial court rendered March 2, 2020, and signed March 3, 2020, finding him in contempt of court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a divorce proceeding. Plaintiff Alzena M. Rennier filed a Petition for Divorce and Ancillary Matters on February 28, 2019, naming Michael G. Rennier as Defendant. The petition alleged that the couple was married on January 2, 1998, with no children born of the marriage. Mrs. Rennier alleged that Mr. Rennier committed bigamy, specifically that he married Haixu Hu on November 19, 2018, in Las Vegas, Nevada, while he was still married to Mrs. Rennier.

A hearing was held on April 20, 2019, wherein the parties entered into a stipulation on the record. In the stipulation, Mr. Rennier agreed to: (1) pay the house note at 4011 Pecan Drive, Alexandria, Louisiana, until six months post-divorce; (2) maintain health insurance for Mrs. Rennier until the divorce is finalized; and (3) make cosmetic repairs to the house located at 4011 Pecan Drive as outlined by Mrs. Rennier. Additionally, Mrs. Rennier was granted exclusive use of the family home located at 4011 Pecan Drive and exclusive use of the Mercedes automobile; Mr. Rennier was granted exclusive use of the Dodge truck. This stipulation was reduced to writing and signed by the trial court on April 29, 2019.

On July 1, 2019, Mrs. Rennier filed a Motion for Contempt, alleging Mr. Rennier failed to pay the house note for May, June, and July 2019. On July 19, 2019, she filed another Motion for Contempt, alleging Mr. Rennier failed to make certain cosmetic repairs on the house at 4011 Pecan Drive. Both motions were heard on September 30, 2019. The trial court found Mr. Rennier in contempt of the April 29, 2019 judgment for not making mortgage payments on the house at 4011 Pecan Drive and for not making cosmetic repairs to the home. The trial court sentenced Mr.

Rennier to thirty days in jail, which was suspended, and ordered him to make the necessary mortgage payments and repairs by November 30, 2019. Mr. Rennier was also ordered to pay attorney's fees in the amount of $1,500.00. The judgment was signed October 24, 2019.

On January 10, 2019, Mrs. Rennier filed another Motion for Contempt. This motion alleged that Mr. Rennier was in contempt of the October 24, 2019 judgment. Mrs. Rennier again alleged that Mr. Rennier had not paid the house note nor made the cosmetic repairs. She also alleged that he failed to pay the attorney's fees ordered.

In response, on February 7, 2020, Mr. Rennier filed an Answer and Reconventional Demand to the original divorce petition filed nearly a year prior. The reconventional demand alleged that Mrs. Rennier threatened him with bodily harm on several occasions and caused him great bodily harm such that he was in fear for his life. Mr. Rennier alleged that was what caused the break-up of the marriage. He requested an immediate divorce. Mrs. Rennier denied the allegations in her Answer to Reconventional Demand.

After a hearing on the Motion for Contempt held March 2, 2020, the trial court found Mr. Rennier "failed to do all of the requirements outlined in the judgments of April 29, 2019[,] and September 30, 2019[,][1] and, therefore, has been found in contempt of court and is ordered to serve thirty (30) days in jail and assessed attorney's fee of $500.00 and all court costs associated with contempt."

Mr. Rennier now appeals.

## LAW AND DISCUSSION

In *Howard v. Oden*, 44,191, p. 12 (La.App. 2 Cir. 2/25/09), 5 So.3d 989, 997, *writ denied*, 09-965 (La. 6/26/09), 11 So.3d 496 (citations omitted), the court explained:

---

[1] The date of the hearing was September 30, 2019; however, the judgment was signed October 24, 2019.

2

The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court's order and its decision will only be reversed when the appellate court can discern an abuse of that discretion. A proceeding for contempt in refusing to obey the court's orders is not designed for the benefit of the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the proceeding is to vindicate the dignity of the court.

In his brief to this court, Mr. Rennier sets forth the following issues:

(1) Whether the court has authority to order the owner of real estate, who has agreed to grant his spouse the use and occupancy of his separate property to:

   (a) Make cosmetic repairs to his own separate property?

   (b) Hire a contractor at his own expense to make those cosmetic repairs?

(2) Whether a jail sentence of 30 days is appropriate for the Defendant's failure to make cosmetic repairs to his own separate property at his own expense.

(3) Whether a jail sentence of 30 days is appropriate for Defendant to serve even though he has made and caught up with payments on his separate property?

(4) Whether a jail sentence of 30 days is appropriate for Defendants unwilful failure to pay attorney's fees and court costs?

(5) Whether an order to pay attorney's fees and court costs for unwilful failure to follow an unlawful judgment is appropriate?

Based on the record before us, we find no abuse of discretion in the trial court's decision to find Mr. Rennier in contempt of court. Mr. Rennier agreed in a voluntary, stipulated judgment to make cosmetic repairs as outlined by Mrs. Rennier. The court ordered him to abide by the stipulated judgment to which Mr. Rennier voluntarily agreed. Mr. Rennier was in court when the stipulation was read. The following is an excerpt from the transcript:

By Mr. Jeansonne (Mr. Rennier's attorney): Okay. Mr. Rennier, you've heard the stipulation, interim stipulation that Mr. Larvadain read into the record; did you not:

By Mr. Rennier: Yes, I did.

By Mr. Jeansonne: Did you understand the interim agreement?

3

By Mr. Rennier:      Yes, sir.

By Mr. Jeansonne:   And will you abide by that agreement?

By Mr. Rennier:      Yes, sir.

At the original April 20, 2019 hearing, Mr. Rennier agreed to give exclusive use of the home to Mrs. Rennier, to make repairs, and to pay the mortgage. It makes no difference that the property is Mr. Rennier's separate property. Mr. Rennier stated under oath that he understood the stipulation and that he would abide by it, which he has failed to do. Further, nowhere in the judgment appealed does the court order Mr. Rennier to hire a contractor at his own expense to make the necessary repairs.

Mr. Rennier was ordered to serve a total of thirty days in jail for failure to make cosmetic repairs, failure to pay the mortgage payments, and failure to pay attorney's fees and costs. Mr. Rennier was found in constructive contempt of the court due to his willful disobedience of a court judgment. See La.Code Civ.P. art. 224. Louisiana Revised Statutes 13:4611 sets forth the punishment allowed for a person found in contempt of court. It states:

> Except as otherwise provided for by law:
>
> (1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
>
> (a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;
>
> (b) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than one thousand dollars, or by imprisonment for not more than six months, or both.
>
> (c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and

4

**(d)(i) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.**

. . . .

(g) The court may award attorney fees to the prevailing party in a contempt of court proceeding provided for in this Section.

*Id.* (emphasis added).

Not only did Mr. Rennier willfully disobey the original judgment of the court, but he also ignored the trial court's previous judgment finding him in contempt of court. In that instance, Mr. Rennier's jail sentence was suspended in order to give him an opportunity to do the things he agreed to do in the stipulated judgment. Mr. Rennier still did nothing towards making the repairs. Mr. Rennier did allege that he attempted to modify his loan payments, entering into evidence a letter from Quicken Loans for a trial period modification. However, there is no evidence in the record that any payments had been made. He also failed to pay the attorney's fees and costs that were ordered in the first motion for contempt.

Louisiana Revised Statutes 13:4611 allows for imprisonment up to three months as punishment for contempt of court; therefore, the trial court was well within the guidelines in ordering Mr. Rennier to thirty days in jail.

Finally, Mr. Rennier argues that an order to pay attorney's fees and court costs for unwilful failure to follow an unlawful judgment is inappropriate. This argument is predicated on the fact that the judgment is unlawful. We have not found it to be so. As discussed above, the trial court's judgment was lawful. Further, attorney's fees are warranted under La.R.S. 13:4611(1)(g). In *Camalo v. Estrada*, 17-1184, p. 3 (La.App. 3 Cir. 9/26/18), 257 So. 3d. 202, 205, this court explained:

Under La.R.S. 13:4611(1)(g), "[t]he court may award attorney fees to the prevailing party in a contempt of court proceeding provided for in this Section." The general rule is that "[t]he decision whether to grant relief against a recalcitrant party rests within the discretion of the trial

court and will not be disturbed absent an abuse of that discretion." *Rodock v. Pommier*, 16-809, pp. 12-13 (La.App. 3 Cir. 2/1/17), 225 So.3d 512, 521, *writ denied*, 17-631 (La. 5/1/17), 221 So.3d 70 (alteration in original) (quoting *LeJeune v. Lafayette Tower Serv.*, 94-1240, p. 4 (La.App. 3 Cir. 4/5/95), 653 So.2d 112, 114.)

Mr. Rennier has had multiples chances to abide by the orders of the trial court, yet he has refused to do so. As a result, we find that the trial court did not abuse its discretion in finding Mr. Rennier in contempt of court, ordering thirty days in jail, and ordering him to pay attorney's fees.

## DECREE

The judgment of the trial court is affirmed. Costs of these proceedings are assessed to Michael G. Rennier.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.